OPINION OF THE COURT.
Two questions are presented in this case for the consideration of the court. First, whether the payment stated to have been made by the defendant to the clerk of the court below, is a discharge to the defendant, or satisfaction of the judgment? Second. If the clerk, ex officio, had no authority to receive payment of the debt, did the party sanction such a payment, by bringing suit against the administrator of the clerk after his death? As to the first question, it is clear that the clerks of our circuit *261 courts have no authority, by virtue of their office, to collect or receive the plaintiff’s money, and acquit a defendant of the judgment of his court, neither by the common law, nor any provision in our statute law. That the securities of a clerk would not be responsible on their bond for such an act, and that the plaintiff had a right to consider his judgment unsatisfied by such pretended payment, and to demand and receive from the court, execution according to the judgment. That the defendant by paying the money to the clerk, constituted the clerk his agent, or paid to him who had no authority to receive and receipt for plaintiff’s money. It is not necessary to express any opinion on the second point, as there is no evidence before us to sustain it.
Motion to quash the execution overruled, and supersedeas discharged.